UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD LYN EADS,

      Petitioner,

                                  Civil No. 04-397-HA

   v.

SHARON BLACKLETTER,                  OPINION AND ORDER

      Respondent.

_____

HAGGERTY, Chief Judge:

     Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 and subsequently

was appointed counsel.  After an initial dismissal without prejudice, this action was reopened and, after

several extensions, was fully briefed and taken under advisement.  This court has determined that oral

argument is unnecessary in this matter.  For the following reasons, the petition is denied.

## BACKGROUND

There is no material dispute among the parties regarding the relevant facts.  On November 28, 1995, after petitioner pled no contest in Washington County, Oregon, to charges of kidnapping and robbery, sentences of 132 months (kidnapping) and six months (robbery) were imposed upon him (Washington County Judgment).  These sentences were ordered to be served consecutively to petitioner's imprisonment for a prior parole violation.  The Judgment pertaining to these sentences was signed on January 3, 1996.

On December 18, 1995, prior to the Washington County Judgment being signed, petitioner was also sentenced in Linn County for other crimes to which petitioner had pled guilty.  The Linn County sentences to which petitioner had stipulated were 100 months for kidnapping and thirty months for robbery (Linn County Judgment).  These were to run concurrently with each other, but consecutively to the Washington County sentences.

Petitioner filed no direct appeal and sought no post-conviction relief regarding the Linn County sentence.  Over six years later, in April 2002, petitioner wrote a letter to the Linn County Circuit Court requesting correction of one aspect of the post-prison supervision ordered by the court.  Petitioner's request was raised under O.R.S. 138.083, a statute that acknowledges that a sentencing court retains authority "irrespective of any notice of appeal after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment. . . ."

On July 1, 2002, the court agreed to the request, reducing petitioner's post-prison supervision for his kidnapping conviction from thirty-six months to twenty months.  No other change had been

requested by petitioner, and no other amendments were made to the Linn County Judgment or the related sentences.

Over three months later, on October 18, 2002, petitioner sought another correction under O.R.S. 138.083. Petitioner asserted that the Linn County Judgment contained an "erroneous term" because the Linn County sentences should not have been deemed to be "consecutive" to the Washington County sentences. As has been made clear subsequently, petitioner's challenge is grounded in the fact that the Linn County Judgment occurred before the Washington County sentences were "executed," *i.e.*, before the Washington County Judgment was signed. Petitioner contends that his Linn County sentences could not be ordered to run consecutively to Washington County sentences that were not yet executed.

In February 2003, the Linn County Circuit Court denied petitioner's request in accordance with the parameters of O.R.S. 138.083, on grounds that there were no arithmetic or clerical errors or any erroneous terms in petitioner's Linn County sentences. In so ruling, the court accepted "for purposes of [petitioner's] motion" that case law "would indicate that a sentence cannot be consecutive to another sentence that has not been 'executed.'" Resp't Ex. 104, Appx. 1.

There is no disagreement among counsel that these assumptions, made solely for purposes of addressing petitioner's motion, were legally inaccurate. Oregon law since 1987 has been that a sentence "may be made . . . consecutive to any other sentence which has been previously imposed . . . upon the same defendant." ORS 137.123. There is also no dispute that petitioner's Washington County sentences were *imposed* on November 28, 1995, prior to the Linn County sentences. *See, e.g.*, Pet.'s Memo. in Supp. at 1 (petitioner's Linn County Judgment "imposed sentences of 30 months and 100 months to be served consecutively with a term of imprisonment imposed by Washington County . . . [which] had not yet been executed").

Petitioner appealed the denial of his request to amend his Linn County Judgment in March 2003. The Oregon Court of Appeals denied petitioner's appeal on grounds that orders denying motions brought under O.R.S. 138.083 are not appealable. The Oregon Supreme Court denied review on November 5, 2003, and the appellate judgment became final on December 10, 2003.

Petitioner subsequently asserted this petition for writ of habeas corpus. The parties agree that the petition raises a single issue – whether the Linn County sentencing court deprived petitioner of due process when it ordered petitioner's Linn County sentences to run consecutively to petitioner's Washington County sentences. This court concludes that this petition must be dismissed as barred for untimeliness under the applicable one-year statute of limitations. Alternatively, even assuming that the petition could be construed as timely, the court concludes that it would be compelled to dismiss the petition on its merits.

## STANDARDS

A writ of habeas corpus shall not be granted pursuant to any claim adjudicated on the merits in state court unless the adjudication resulted in a decision that was: (1) contrary to, or involved an unreasonable application of, clearly established law; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d)(1) and (2).

The Ninth Circuit has held that the one-year statute of limitations set out in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to state prisoners "in custody pursuant to the judgment of a State court, even if the petition challenges an administrative decision rather than a state court judgment." *Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004).

A petitioner is allowed "just 365 days to complete the entire process of filing a fully-exhausted federal habeas petition." *Corjasso v. Ayers*, 278 F.3d 874, 878 (9th Cir. 2002); Pub. L. No. 104-132, 110 Stat. 1214.

Under § 2244(d)(1)(D), the limitation period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered though the exercise of due diligence." *Id*. Specifically, the statute provides in pertinent part:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d)(1)-(2).

**ANALYSIS**

The court has considered all of the briefs submitted by petitioner, the responses filed by the government, and the record of this case.  An evidentiary hearing in this matter is unnecessary.

There is no dispute that the factual predicate for petitioner's claim is that Linn County erred in ordering petitioner's sentences to run consecutively to his Washington County sentences.  There is also no dispute that this factual predicate arose on December 18, 1995, when petitioner was sentenced in Linn County.  Because this factual predicate arose before the AEDPA was enacted, petitioner had one year from the enactment of the AEDPA, or until April 24, 1997, to seek relief.  *See Lott v. Mueller*, 304 F.3d 918, 920 (9th Cir. 2002).

Accordingly, this petition is barred by the one-year statute of limitation in the AEDPA because it was not filed by the AEDPA's April 24, 1997, deadline, and, as discussed below, cannot be saved by any construction of statutory tolling or under the doctrine of equitable tolling.

Petitioner argues that the "amended judgment" that was issued in July 2002 to reduce the term of post-prison supervision should be construed as the "final judgment" regarding the Linn County sentences and that the AEDPA's limitation deadline should be construed as tolled.  Petitioner argues that his request to re-calculate and reduce the months of post-prison supervision should be viewed as a "properly filed application" for "collateral review with respect to the pertinent judgment" and, as such, should have tolled the period of limitation pursuant to the terms of 28 U.S.C. § 2244(d)(2).

As discussed above, the factual predicate of the claim petitioner presents here arose in late 1995.  There is nothing about petitioner's request to re-calculate a term of post-prison supervision, made almost seven years after sentencing, that pertains to the judgment ordering that his Linn County sentences must run consecutively to his Washington County sentences.  Additionally, there is nothing

about that request for re-calculation that rises to the level of qualifying as a properly filed application for collateral relief with respect to petitioner's pertinent judgment.  Petitioner merely sought a correction in his term of post-prison supervision, and succeeded in getting it reduced by ten months.

Moreover, even if the AEDPA limitation were tolled by the issuance of a correction in petitioner's Linn County judgment in 2002, the petition is still untimely.  Petitioner argues that his appeal of the denial of his second motion for correction, which spanned most of the year in 2003, should be construed as a properly filed application for collateral review with respect to the pertinent judgment.  This court disagrees.

As stated above, requests for corrections of clerical errors or erroneous terms in a sentence fall short of being properly filed applications for collateral review of a pertinent judgment.  More specifically, despite some possibly inconsistent dicta in one case, Oregon courts have not recognized a right to appeal a denial of a motion brought under O.R.S. 138.083.  *See generally State v. Hart*, 72 P.2d 671 (Or. App. 2003).  Petitioner's efforts to seek a correction, and his subsequent meritless pursuits of an appeal of that request's denial, fail to obscure the fact that the factual predicate of his petition arose in 1995, and no statutory tolling of the AEDPA limitations period is applicable.

Petitioner also argues that the period of time available for raising a timely challenge regarding his sentences running consecutively should be equitably tolled.  "Equitable tolling is unavailable in most cases, and is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."  *Corjasso*, 278 F.3d at 877 (internal citations and quotations omitted); *see also Pace v. DiGuglielmo*, 544 U.S. 417 (2005).  The threshold necessary to trigger equitable tolling is very high, "'lest the exceptions swallow the rule.'"  *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003)(quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

The propriety of equitable tolling is a fact-specific inquiry which requires the petitioner to prove that the "extraordinary circumstance" was the but-for and proximate cause of his or her late filing. *Gaston v. Palmer*, 387 F.3d 1004, 1008 (9th Cir. 2004); *see also Miranda*, 292 F.3d at 1065. Petitioner bears the burden of proving that "this extraordinary exclusion should apply[.]" *Miranda*, 292 F.3d at 1065. If the petitioner did not exercise reasonable diligence under the circumstances in attempting to file after the extraordinary circumstance began, the link of causation between the extraordinary circumstance and the failure to file is broken. *Valverde v. Stinson*, 224 F.3d 129, 134 (2nd Cir. 2000) (cited with approval in *Spitsyn*, 345 F.3d at 802).

Petitioner has failed to show that "extraordinary circumstances" beyond his control made it impossible to timely file his federal habeas petition. His failure for over seven years to seize upon the argument that his Linn County sentences could not run consecutively to his Washington County sentences because of a delay in when the Washington County Judgment was signed falls far short of the factual circumstances in which the Ninth Circuit has found that extraordinary circumstances exist. *See, e.g., Spitsyn*, 345 F.3d at 802 (egregious misconduct by attorney retained to file the federal petition); *Smith v. Ratelle*, 323 F.3d 813, 817 (9th Cir. 2003) (district court erroneously dismissed a mixed habeas petition); *Lott*, 304 F.3d at 920 (deprived of legal files due to a transfer between institutions); *Corjasso*, 278 F.3d at 878 (district court lost petition); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (officials failed to timely draw a prison trust account check).

Additionally, the circumstances presented by petitioner fail to demonstrate the exercise of reasonable diligence by petitioner sufficient to excuse an untimely filed federal petition. *See Fail v. Hubbard*, 315 F.3d 1059, 1062 (9th Cir. 2001) (equitable tolling rejected due to petitioner's decision to continue to advance his petition of entirely unexhausted claims after the district court informed him

that he could only bring claims first brought in state court); *Frye v. Hickman*, 273 F.3d 1144, 1145 (9th Cir. 2001) (no equitable tolling due to attorney negligence in miscalculating limitations period and negligence in general); and *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (no equitable tolling after the petitioner voluntarily dismissed for failing to exhaust state remedies, then waited for more than one year after state proceedings were final to file federal petition).

Finally, this court also concludes alternatively that even if his petition could be construed as timely, it must be dismissed on the merits. As noted above, petitioner's sole challenge is grounded in the fact that the Linn County Judgment occurred before the Washington County Judgment was signed. Petitioner's contention that his Linn County sentences could not be ordered to run consecutively to Washington County sentences that were not yet executed is contrary to established law.

Petitioner's strained reliance upon commentary by the state court when it rejected his request to "correct" the use of the term "consecutively" in his Linn County sentences is unpersuasive. The court's willingness to assume, "for purposes of [petitioner's] motion," that case law "would indicate that a sentence cannot be consecutive to another sentence that has not been 'executed,'" did not deprive petitioner of due process. *See* Resp't Ex. 104, Appx. 1; Pet. Mem. in Supp. at 12. This commentary, while an inaccurate statement of law, was offered as part of an accurate and fair explanation that petitioner failed to establish grounds for the court to "modify its judgment and sentence to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment" pursuant to O.R.S. 138.083.

Petitioner's sentences were imposed in accordance with the law. The analyses of petitioner's subsequent requests for clerical corrections of those sentences did not deprive petitioner of any constitutional rights or protections.

**CONCLUSION**

For the reasons provided above, the court denies the petition for writ of habeas corpus [2] filed by Richard Lyn Eads under 28 U.S.C. § 2254.   This action is dismissed with prejudice.

IT IS SO ORDERED.

DATED this   7    day of December, 2006.


         ANCER L. HAGGERTY   
                Ancer L. Haggerty
              United States District Judge